10-0385-cv
SSP Capital Partners, LLC v. Mandala, LLC, et al.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of November, two thousand ten,

Present:     ROSEMARY S. POOLER,
             BARRINGTON D. PARKER,
             RICHARD C. WESLEY,
                     *Circuit Judges*.

_____

SSP CAPITAL PARTNERS, LLP,

                 *Plaintiff-Appellant*,

             -v-                                      10-0385-cv

MANDALA, LLC, HAROUST, LLC, HAMILTON GRANGE, LLC,
ARABARA, LLC AND 316 SECOND AVENUE, LLC,

                 *Defendant-Appellees*.

_____

Appearing for Appellant:     Richard C. Yeskoo, Yeskoo Hogan & Tamlyn, LLP,
                             New York, NY

Appearing for Appellees:     Michael T. Sucher, Andrew M. Shabasson (*on the brief*),
                             Brooklyn, NY

_____

Appeal from the United States District Court for the Southern District of New York (Buchwald, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,**

**AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Plaintiff-Appellant SSP Capital Partners, LLC ("SSP") appeals from an order of the district court granting summary judgment to Defendant-Appellees on the ground that the loan commitment letter was non-binding, and therefore, did not obligate Defendant-Appellees to consummate the transaction contemplated thereby. SSP's central contention is that it is entitled to collect a $132,000 "loan origination fee" even though it never issued a loan, because the loan commitment letter did, in fact, bind Defendant-Appellees to borrow from the lender. We assume the parties' familiarity with the remaining facts, the procedural history of the case and the issues presented for review.

We review de novo a district court's grant of summary judgment and draw all factual inferences in favor of the non-moving party. *See Palmieri v. Allstate Ins. Co.*, 445 F.3d 179, 187 (2d Cir. 2006). Likewise, the district court's determination of whether a contractual provision is ambiguous is a question of law that we review de novo. *Id.*; *see also ReliaStar Life Ins. Co. of N.Y. v. Home Depot U.S.A., Inc.*, 570 F.3d 513, 517 (2d Cir. 2009) (per curiam). Summary judgment is appropriate only "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed R. Civ. P. 56(c); *Wright v. Goord*, 554 F.3d 255, 266 (2d Cir. 2009).

New York law recognizes two types of preliminary agreement. The first type, "Type I," is "a fully binding preliminary agreement . . . created when the parties agree on all the points that require negotiation (including whether to be bound) but agree to memorialize their agreement in a more formal document." *Adjustrite Sys., Inc. v. GAB Bus. Servs., Inc.*, 145 F.3d 543, 548 (2d Cir. 1998). Type I agreements are "preliminary only in form—only in the sense that the parties desire a more elaborate formalization of the agreement." *Id.* (internal quotation marks and citation omitted). By contrast, the second type, a "Type II" agreement, "is created when the parties agree on certain major terms, but leave other terms open for further negotiation." *Id.* Type II agreements do "not commit the parties to their ultimate contractual objective but rather to the obligation to negotiate the open issues in good faith in an attempt to reach the . . . objective within the agreed framework." *Id.* (citation omitted).

The issue in this case is whether the loan commitment letter is a Type I agreement. Four factors inform our review:

> (1) whether there has been an express reservation of the right not to
> be bound in the absence of a writing; (2) whether there has been
> partial performance of the contract; (3) whether all of the terms of
> the alleged contract have been agreed upon; and (4) whether the
> agreement at issue is the type of contract that is usually committed
> to writing.

*Id.* at 549 (citation omitted). Additionally, in resolving the scope of a preliminary agreement, we "must be particularly careful to avoid imposing liability where binding obligation was not intended," and we must be mindful of the "strong presumption against finding binding obligation in agreements which include open terms, call for future approvals and expressly anticipate future

2

preparation and execution of contract documents." *Teachers Ins. Annuity Ass'n of Am. v. Tribune Co.*, 670 F. Supp. 491, 499 (S.D.N.Y. 1987); *see also Adjustrite*, 145 F.3d at 549.

In this case, as in *Adjustrite*, the relevant contractual document does not expressly state that it was a binding agreement. Accordingly, this factor, which is undoubtedly the "'most important,'" favors Defendant-Appellees. *See id.*; *cf. Tribune Co.*, 670 F. Supp. at 494 (holding the following express language binding: "Upon receipt . . . of an accepted counterpart of this letter, our agreement to purchase from you *and your agreement to issue, sell and deliver to us . . .* the captioned securities, *shall become a binding agreement* between us." (emphasis added)).

Further, although the parties have produced no evidence regarding customary industry practice, neither factor two nor three favors SSP. There is no evidence that SSP tendered partial performance in this case, and it is clear that the commitment letter contains significant open terms, including all of the "comprehensive terms and conditions" that will be contained in the loan documentation. It also calls for future approvals by the lender and anticipates future preparation and execution of documents, including the loan documentation itself. As a result, we cannot conclude that the letter unambiguously bound Defendant-Appellees to consummate the loan.

We have considered Appellant's remaining arguments and conclude that they are without merit.

Accordingly, the judgment of the district court hereby is **AFFIRMED**.

> FOR THE COURT:
> Catherine O'Hagan Wolfe, Clerk

3